IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **SANDY THOMAS,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **6:06-cv-2310-UWC** |
| **FRED'S INC.,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION ON THE COURT'S JURISDICTION**

Sandy Thomas ("Thomas") initially filed this lawsuit in Alabama state court seeking damages for injuries she sustained while an invitee at Fred's Discount Store, the establishment owned and operated by defendant. Thomas has not asserted any claims under federal law; thus, the present Court has jurisdiction over this matter only if the amount in controversy requirement is met.[1]

In is Notice of Removal, Defendant asserts that this Court has jurisdiction over this action because "the suit involves citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and cost." (Notice of Removal ¶ 11.) Yet, in the complaint, Thomas does not make a demand for a specified amount of compensatory/punitive damages. Rather, she simply claims that she suffered losses due

---

[1] It appears from the notice of removal that complete diversity exists between the Alabama plaintiff and this Tennessee corporation.

to a lacerated hand, a damaged upper dental bridge, bruising and tenderness to her upper body, as well as lost wages and medical expenses. (Compl. ¶ 7.) Defendants do not explain in their Notice of Removal how such claims constitute a controversy in excess of $75,000.

The court is obligated to raise questions concerning jurisdiction *sua sponte*. *See, e.g., Arthur v. Haley,* 248 F.3d 1302, 1303 n. 1 (11th Cir. 2001) ("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte*."). When determining whether the federal courts have jurisdiction over a diversity action, "[i]t is to be presumed that a cause lies outside this [Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Where a prayer for relief does not specify a certain sum, the claim is indeterminate, and the party seeking to invoke federal jurisdiction bears the burden of proving <u>by a preponderance of the evidence</u> that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807-08 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (abrogated on other grounds)) (emphasis added).

Here, Defendant's bare assertion regarding the jurisdictional amount is not sufficient to meet this burden on removal. Accordingly, by separate order, this action will

be remanded to Circuit Court of Walker County, Alabama.

Done this 14th day of November, 2006.

_____
U.W. Clemon
Chief United States District Judge